1  JONATHAN SOLISH (Pro Hac Vice Pending)
   KEITH D KLEIN (Pro Hac Vice Pending)
2  JENKENS & GILCHRIST, LLP
   12100 Wilshire Boulevard, 15ᵗʰ Floor
3  Los Angeles, California 90025-7120
   Telephone   (310) 820-8800
4  Facsimile   (310) 820-8859

5  MARY STEPHENS (SBN 21679)
   MARSH, MUNDORF, PRATT & SULLIVAN
6  16504 9ᵗʰ Avenue Southeast, Suite 203
   Mill Creek, Washington 98012
7  Telephone (425) 742-4545
   Facsimile (425) 745-6060
8
   Attorneys for Defendant
9  JANI-KING OF SEATTLE, INC

FILED ____ ENTERED
____ LODGED ____ RECEIVED

DEC 18 2001 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY    WESTERN DISTRICT OF WASHINGTON
DEPUTY ____ MR

10

11                    UNITED STATES DISTRICT COURT

12              FOR THE WESTERN DISTRICT OF WASHINGTON

13

14  AUSTIN L OKOCHA,                    )   CASE NO C01-1688
                                        )
15              Plaintiff,              )   MOTION BY JANI-KING OF SEATTLE,
                                        )   INC. TO DISMISS PURSUANT TO
16       v                              )   FEDERAL RULE OF CIVIL
                                        )   PROCEDURE 12(b)(6); MEMORANDUM
17  JANI-KING, INC , and JANI-KING OF   )   OF POINTS AND AUTHORITIES IN
    SEATTLE,                            )   SUPPORT THEREOF
18                                      )
                Defendants              )   Date:  January 11, 2002
19  _____)          (No oral argument requested)

20                                          [Fed R. Civ. Proc. 12(b)(2)]

21                                          [Declaration of Donald A. Burleson Submitted
                                            Concurrently Herewith]
22

23

24  TO THE PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:

25       PLEASE TAKE NOTICE that on January 11, 2002, or as soon thereafter as the matter

26  may be heard without oral argument, in the United States District Court, Western District of

27  Washington, defendant Jani-King of Seattle, Inc will and hereby does move to dismiss pursuant

28  to Federal Rule of Civil Procedure 12(b)(6)

JANI-KING OF SEATTLE INC.'S MOTION TO DISS - PAGE 1          Mary Stephens (Bar No 21679)



CV 01-01688 #00000007



IGINAL

1   Jani-King of Seattle, Inc , a dissolved Texas corporation, moves to dismiss the Complaint
2   against it on the following grounds

3   **Count 1: Breach of Contract**
4   The Plaintiff has attached a copy of the breached contract to his Complaint as Exhibit A
5   On its face, that document shows that this moving defendant was not a party to the contract

6   **Count 2: Breach of Implied Covenant**
7   Because Jani-King of Seattle, Inc is not a party to the Agreement and there is no
8   allegation of any other contractual relationship between it and the Plaintiff, no implied contract
9   rights exist between the parties

10   **Count 3: Intentional Interference with Business Relationship**
11   The Plaintiff complains that the "defendant's" assignment of the Allied contract to the
12   Plaintiff was interfered with, leading to the re-assignment of the contract to another franchisee.
13   One party to a contract cannot be sued for interference with its own contract

14   **Count 4: Deceit, Fraud, and Misrepresentation**
15   The Plaintiff fails to state the elements of a cause of action for fraud.  The alleged
16   representation that things would be worked out was not a representation of an existing fact   The
17   Plaintiff's injuries were not proximately caused by the representations allegedly made to him   The
18   damages suffered by the Plaintiff, if any, came because the agreement to assign the Allied contract
19   was breached   Statements about why the contract was transferred or suggesting that the Plaintiff
20   should go home did not proximately cause him any injuries.  Further, the Plaintiff's vague
21   allegations do not meet the requirements of Rule 9

22   **Count 5: Defamation**
23   The allegedly defamatory communication was neither false nor unprivileged.  The report
24   to a policeman following an admitted physical interchange was privileged and should be subject to
25   challenge only if the elements of a false arrest can be stated.  The statute of limitations has run on
26   the claim, regardless of how it is labeled

27   **Count 6: Disparate Treatment**
28   The Plaintiff alleges that a contract was re-assigned to another franchisee, making good a

1  threat that had been made after a physical altercation.  The Plaintiff fails to allege that the other

2  franchisee was similarly situated at the time of the transfer

3     **Count 7: Retaliation**

4     The Plaintiff is not alleged to have been an employee of the moving party and no cause of

5  action is available to him   Further, alleged retaliation following an altercation implicates no clear

6  public policy

7     **Count 8: Intentional Infliction of Emotional Distress**

8     The conduct alleged is not sufficiently outrageous to support a cause of action for

9  intentional infliction of emotional distress

10    Although this moving party is not a party to the Franchise Agreement, because the

11  Complaint alleges that it is, in fact, a party to the contract, Jani-King of Seattle, Inc  prays for an

12  award of attorneys' fees under the Franchise Agreement

13    This motion is based on this Notice of Motion and Motion, the attached Memorandum of

14  Points and Authorities and the Request for Judicial Notice submitted concurrently herewith, and

15  all pleadings and papers on file in this action and such other matters and argument as may be

16  adduced upon hearing.

17

18  DATED        December 17, 2001        MARSH, MUNDORF, PRATT & SULLIVAN
                                          MARY STEPHENS
19

20

21                                        Attorneys for Defendant
                                          JANI-KING OF SEATTLE, INC
22                                        WSBA No. 21679

23                                        **CO-COUNSEL:**

24                                        JONATHAN SOLISH (Pro Hac Vice Pending)
                                          KEITH D. KLEIN (Pro Hac Vice Pending)
25                                        JENKENS & GILCHRIST, LLP
                                          12100 Wilshire Boulevard, 15th Floor
26                                        Los Angeles, California 90025-7120
                                          Telephone  (310) 820-8800
27                                        Facsimile   (310) 820-8859

28

**Memorandum of Points and Authorities**

**I.     Prefatory Statement**

Jani-King of Seattle, Inc is a Texas corporation incorporated on August 2, 2000 and dissolved on November 21, 2001  *See* Request for Judicial Notice, exhibits "A" and "B."  It is readily apparent that Jani-King of Seattle, Inc was not in existence when the Franchise Agreement was signed on December 3, 1993, nor was it in existence on July 14, 1999, the evening when the events occurred giving rise to the Plaintiff's Complaint.  From a practical standpoint, it would have been impossible for Jani-King of Seattle, Inc., a Texas corporation, to have had the Plaintiff arrested or to have transferred a contract, whether for discriminatory reasons or not, at a time before the corporate entity had been formed.  If judicial notice is taken of the objective true facts, the entire Complaint becomes absurd as to this defendant.

Further, nowhere in the Complaint does the Plaintiff request any specific relief against Jani-King of Seattle, Inc.  The caption of the Complaint states the Defendants as "Jani-King, Inc., and or Jani-King of Seattle."  For the reasons stated, Jani-King of Seattle, Inc. prays that it be dismissed from this suit

**II.    Standard for Motion to Dismiss**

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacific Police Dept.*, 901 F.2d 696, 799 (9th Cir. 1990) "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir 1994).

The Plaintiff's Complaint is not supportable under any cognizable legal theory and should be dismissed in its entirety

**III.   First Count: Breach of Contract**

The Plaintiff alleges that he entered into a franchise agreement with "Defendant"–neither named defendant is specified–on December 30, 1993 [Plaintiff's Complaint, ¶ 3] to "operate a business as a franchise of Jani-King, Inc " [*Id.*, ¶ 8]

1    The document the plaintiff attaches to his Complaint undermines his own claims.  The first

2    sentence of the Agreement, Exhibit A to the Complaint, states that it is "by and between" Austin

3    L  Okocha, the Plaintiff here, and "ROBERT H  VENNELL CO , INC  d/b/a JANI-KING OF

4    SEATTLE, a Washington Corporation, hereinafter referred [to] as Franchisor" [hereinafter

5    referred to as "Vennell"]  The Agreement provides that the Franchisor's home office is "in Mill

6    Creek, Snohomish County, Washington "  The Agreement is signed by Vennell and the Plaintiff

7    only  The Agreement is not an agreement with Jani-King of Seattle, Inc , a Texas corporation,

8    but states on its face that it is an agreement with Vennell, a Washington corporation  Nor is

9    Jani-King, Inc  a party to the Agreement

10    The Plaintiff claims he has suffered damages, including mental anguish [¶ 37], because

11   "defendant"–again, no specific defendant is noted–has "failed, neglected and omitted to comply,

12   abide and in effect perform its own obligation under the agreement " [¶ 35]

13    Simply stated, defendant Jani-King of Seattle, Inc , a Texas corporation, is not a party to

14   the Agreement attached to the Complaint and, therefore, could not have failed to abide by any

15   obligations placed upon it by the Agreement  Accordingly, Jani-King of Seattle, Inc., a Texas

16   corporation, did not breach any agreement with the Plaintiff and this count should be dismissed

17   against it

18   **IV.    Count 2: Breach of Implied Duty of Good Faith**

19    The second count claims a duty "to abide by the terms of the agreement and to protect the

20   existence of the agreement " [¶ 40]  Whatever the extent of the duty of contracting parties to one

21   another, there is no implied duty on the part of a stranger to a contract to abide by its terms or to

22   protect its existence  Because Jani-King of Seattle, Inc., a Texas corporation, is not a party to the

23   Agreement, it has no implied duty of good faith to the Plaintiff, and should be dismissed from this

24   count as well

25   **V.    Count 3: Interference with Business Relationship**

26    The third count alleges that on July 13, 1999, certain individuals intentionally approached

27   the plaintiff's employees and offered them more money  It does not allege, however, that any

28   employee actually accepted the alleged offer  It also asserts that the "defendant"–again, no

1  specific defendant is alleged—"contracted with Allied to provide janitorial services in its building"
2  and then "assigned the said account to plaintiff based on the franchise agreement " [¶ 54]   The
3  Plaintiff was then allegedly removed from the Allied account on July 14, 1999 [*Id.*]

4       The elements of tortious interference with business relationship are  (1) a valid
5  contractual relationship or business expectancy; (2) knowledge thereof; (3) intentional
6  interference inducing or causing a breach; and (4) resultant damage.  *Island Air, Inc. v LaBar*, 18
7  Wash App. 129, 566 P 2d 972 (1977).  One party to a contract cannot be liable for the tort of
8  interference with contract for inducing a breach by himself or the other contracting party  *Houser*
9  *v. City of Redmond*, 91 Wash 2d 36, 39, 586 P 2d 482, 484 (1977)

10      The Plaintiff complains that the Allied contract was first assigned to him "based on the
11 franchise agreement," but then re-assigned to someone else.  At most, this would establish a
12 breach of a contract, not a tort  Under the Franchise Agreement, the assignment and
13 re-assignment of cleaning accounts is addressed in considerable detail (*See* Exhibit "A," ¶ 4.6, to
14 the Complaint).  Because the transfer of accounts is expressly alleged to be governed by the
15 Franchise Agreement, and that document does reflect an express agreement as to the conditions
16 necessary for a re-assignment of accounts, the re-assignment of accounts necessarily raises a
17 contract issue, and not a tort claim

18 **VI.   Count 4: Deceit**

19      The elements of a civil fraud claim are "(1) representation of an existing fact, (2)
20 materiality; (3) falsity, (4) speaker's knowledge of its falsity; (5) speaker's intention that it shall be
21 acted upon by the plaintiff; (6) plaintiff's ignorance of falsity, (7) reliance, (8) right to rely, and (9)
22 damages " *Patterson v. Taylor*, 93 Wash App 579, 586, 969 P.2d 1106 (1999)

23      Count four alleges that unnamed agents of the defendants failed to advise the Plaintiff of a
24 visit by a company employee, in violation of company policies  It is further alleged that the
25 Plaintiff was told that Allied had asked to have him terminated for non-performance and that he
26 should go home because the Defendant's agents were going to resolve the situation amicably
27 [Complaint, ¶ 64]  The Defendant's true intent was purportedly "cancelled" from the plaintiff
28 (presumably, concealed), vexing, annoying and injuring the Plaintiff [*Id.*, ¶ 66]

1        This does not state a cause of action for fraud  The failure to give advanced warning of a

2    site visit and the statement that things would be worked out in the future were not representations

3    of existing facts  Nor could the plaintiff have reasonably relied upon any of these statements or

4    proximately suffered damages as a consequence of doing so  The key issue, apparently, is that a

5    client, Allied, canceled the contract the defendants had allegedly assigned to the Plaintiff  In

6    reliance upon the representations made to him about why the contract had been terminated, the

7    Plaintiff claims only that he was induced to go home  [*Id.*, ¶ 65]

8        The alleged representations were not material and could not have proximately caused

9    damages to the Plaintiff.  Whether the Plaintiff went home or not on July 13, 1999, the contract

10   with Allied had still been terminated.  The Plaintiff makes no allegation that his continued

11   presence at the job site on that date would have had any impact upon the retention of the Allied

12   contract

13       What the Plaintiff complains of is no more than the breach of an alleged contract to assign

14   the Allied contract.  *See American Nursery Prods., Inc. v. Indian Wells Orchards*, 115 Wash 2d

15   217, 230, 797 P.2d 477 (1990) ("Generally, a breach of contract does not give rise to an action in

16   tort")  Any injury to the Plaintiff would have been proximately caused by the breach of the Allied

17   contract, not by comments made about why the contract had been terminated or predicted that

18   things would be worked out amicably  If things were not worked out amicably, the Plaintiff's

19   damages would be the same breach of contract damages  If claims like the Plaintiff's were

20   sufficient to support fraud claims, every disagreement about why a contract had been terminated

21   would automatically expand into a fraud claim

22       Further, Rule 9 of the Federal Rules of Civil Procedure requires that claims of fraud be

23   pled with specificity  The averments must at least identify (1) the maker of the misrepresentation,

24   (2) the time and place of the misrepresentation, (3) the content of each misrepresentation, and (4)

25   the role of each defendant in the scheme  *Wanetick v. Mel's of Modesto*, Inc., 811 F  Supp  1402

26   (N D Cal. 1992)

27       The claimed representations were made by "defendants' agents," who remain unnamed

28   [Complaint, ¶ 62]  Because no individual is named, there is no allegation about the role of each

1  individual in the scheme  This is especially significant in the instant case, where it is apparent that

2  the alleged act of fraud predates the formation of this moving corporate defendant  More specific

3  allegations following the dictates of Rule 9 would establish that the complained of representations

4  could not have been made by agents or employees of this moving defendant

5  **VII.   Count 5: Defamation**

6        In Count 5, the Plaintiff attempts to state a cause of action for false arrest, improperly

7  labeled as a claim for defamation  The arrest and allegedly defamatory report occurred on July

8  13, 1999, more than two years before this suit was filed  The two year statute for both defamation

9  and false arrest has, therefore, already run  *See* RCW 4 16 100. *See also Eckert v. City of*

10 *Yakima*, 42 Wash.App. 38, 708 P.2d 407 (1985).

11       "A prima facie defamation case requires a showing (1) that the defendant's statement was

12 false, (2) that it was unprivileged, (3) fault, and (4) that the statement proximately caused

13 damage." *Wood v. Battle Ground School District*, 107 Wash.App  550, 567, 27 P 3d 1208

14 (2001)  Here, the Plaintiff cannot prove that statements made to an arresting officer after an

15 admitted physical scuffle were false or unprivileged

16       According to the Plaintiff, on July 13, 1999, he had a physical confrontation with one

17 Jefferey Polzer, falsely alleged to be the employee of Jani-King, Inc. (and, accordingly, for

18 purposes of this motion, assumed to be a Jani-King, Inc  employee)  The Plaintiff admits that the

19 parties exchanged a "few furious words" and that he "equally grabbed polzers shirt" (sic)

20 [Complaint, ¶ 71]  Polzer allegedly then called the police and reported to them that the Plaintiff

21 had become violent [*Id.*, ¶ 72], an allegation that is not inconsistent with the Plaintiff's own

22 pleading admission that he had grabbed Polzer's shirt  The citation from the Redmond police for

23 assault and harassment [¶ 74] would have been appropriate based on the conduct acknowledged

24 by the Plaintiff in his pleading, in and of itself  Even if the Plaintiff had a good reason to grab

25 Polzer by the shirt, there was no falsity in reporting to the police that the assault had occurred

26       The Plaintiff alleges that false information was provided to State Prosecutors and that the

27 defendants "falsely imputed plaintiff's reputation" (sic)  [¶ 79]  Generally, a statement made in

28 the public interest to a public officer is privileged  *Kauzlarich v  Yarborough*, 105 Wash App.

1  632,  20 P 3d 946 (2001)  The officer must be authorized to act on the information reported

2  *Jolly v. Valley Publ'g Co.*, 63 Wash 2d 537, 541, 388 P 2d 139 (1964)  A report to the

3  Redmond police following a physical scuffle of the kind admitted in the Plaintiff's complaint

4  would meet these criteria  The report to the police was, therefore, not unprivileged, and does not

5  meet the requirements for a defamation claim.

6       Moreover, there are also public policy reasons why a false arrest claim should not be

7  re-constituted in the form of a defamation claim  Probable cause is an absolute defense to false

8  arrest  *Hanson v. City of Snohomish*, 121 Wash 2d 552, 563, 852 P 2d 295 (1993)  It is not hard

9  to imagine circumstances where a party would have probable cause for an arrest (e g., following a

10  physical assault), but where every word reported to the police was not demonstrably true.

11  Further, while defamation may be based upon mere negligence as to falsity, negligence is

12  insufficient to defeat a privilege. *See Moore v. Smith*, 89 Wash.2d 932, 938, fn. 1, 578 P 2d 26

13  (Wash 1978). Thus, a negligent report to an arresting officer would not be actionable under the

14  law specifically developed to address false arrests.

15       It would subvert the public policy of allowing victims of crimes to report crimes with

16  impunity where there is probable cause, if police reports were held to the stricter standard of a

17  defamation claim. The Plaintiff's claim should have been stated as a false arrest claim  In any

18  event, whether stated as a claim for false arrest or defamation, the statute of limitations has run

19  **VIII.   Count 6: "Disparate Treatment"**

20       The fifth count alleges that the Plaintiff is a member of an unnamed protected class [¶ 83],

21  that the Allied account that the "defendant" had assigned to the Plaintiff [¶ 54] was re-assigned to

22  a white franchisee [¶ 86] and that Polzer's false allegation of assault was a mere pretext to an

23  intent to transfer the account to the white franchisee [¶ 87]  Notably, these allegations are at odds

24  with the incorporated [¶ 81] allegation that directly after the Plaintiff and Polzer had grabbed each

25  other and exchanged furious words [¶¶18, 71], Polzer then threatened to ruin the Plaintiff

26  financially, specifically threatening that he would take away the Allied contract [¶ 19]

27       To state a discrimination claim, a plaintiff must show disparate treatment or disparate

28  impact. *Hume v American Disposal Co.*, 124 Wash.2d 656, 668, 880 P 2d 988, 995(1994)  The

---

1   plaintiff must demonstrate that preferential treatment was given to a "similarly situated, non-

2   protected" person   *Washington v Boeing Co*, 105 Wash App 1, 14, 19 P 3d 1041 (2000)

3         First, the Plaintiff asserts that he had a dispute with Polzer about the proper interpretations

4   of company policies and procedures  [Complaint, ¶ 14]  After each of the parties had grabbed the

5   other and "furious words" had been exchanged, Polzer had the Plaintiff arrested   Given the

6   admitted circumstances preceding the re-assignment of the Allied account, the Plaintiff fails to

7   allege that the white franchise to whom the Allied account was transferred was "similarly

8   situated "  Nor is it likely that the Plaintiff could allege that the white franchisee had also engaged

9   in a physical and verbal altercation with Polzer and been arrested at his behest

10        Notably, the initial assault is not framed in racial terms, but arises out of a dispute over

11  Polzer's right to monitor the Plaintiff's ongoing cleaning work under company policies and

12  procedures [¶¶ 13- 20]  Regardless of who is right about the assault, it is apparent that the

13  Plaintiff's circumstances are necessarily unique and that no other franchisee was "similarly

14  situated "

15  **IX.     Count 7: Retaliation**

16        The seventh count alleges that "the Defendant discontinued franchise relationship with

17  Plaintiff" (*sic*) [Complaint, ¶ 90], that the "defendant's agent falsely accused Plaintiff of assault

18  and harassment" [Id ]; and complains of "wrongful termination" [ ¶ 93] and the loss of "the right

19  to engage in gainful employment" [¶ 94]

20        Under the Franchise Agreement attached to the Complaint as Exhibit "A," Jani-King of

21  Seattle, Inc  was not the franchisor and, thus, was in no position to discontinue a franchise

22  relationship with the Plaintiff.  The right to file a retaliation suit is quite limited—"an employee will

23  have 'a cause of action in tort for wrongful discharge if the discharge of the employee contravenes

24  a clear mandate of public policy '"  *Dicomes v. State*, 113 Wash 2d 612, 617, 782 P 2d 1002

25  (1989), *emphasis added  See also* R C W  51 48 025

26        The Plaintiff expressly acknowledged in his Franchise Agreement that he was not

27  Vennell's employee [Ex  "A" ¶ 11 7], the Complaint does not allege that the Plaintiff was ever

28  employed by Jani-King of Seattle, Inc.  In the absence of an employment relationship with this

---

1   defendant, the Plaintiff has no right to sue for wrongful termination.

2   Further, there must be a "clear public policy" violated by the defendant's conduct *Ellis v*

3   *City of Seattle*, 142 Wash 2d 450, 459, 13 P 3d 1065 (2000)  The existence of a clear public

4   policy "is a question of law " *Roberts v Dudley*, 140 Wash 2d 58, 64, 993 P.2d 901 (2000)  It

5   must be shown that an "employer's conduct contravened 'the letter or purpose of a constitutional,

6   statutory, or regulatory provision or scheme '" *Ellis v. City of Seattle*, 142 Wash 2d 450, 459, 13

7   P 3d 1065 (2000)

8   The Plaintiff appears to claim that he was retaliated against because of his physical

9   altercation with Polzer.  The only clear public policy implicated is the policy against false arrest,

10  protected by a cause of action the Plaintiff did not file in a timely manner.  No other clear public

11  policy is implicated

12  **X.     Count 8: Intentional Infliction of Emotional Distress**

13  Conduct is outrageous if "the recitation of the facts to an average member of the

14  community would arouse his resentment against the actor and lead him to exclaim 'Outrageous!'"

15  *Contreras v. Crown Zellerbach Corp.*, 88 Wash 2d 735, 740, 565 P 2d 1173 (1977)  The

16  conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all

17  possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

18  community " *Grimsby v Samson*, 85 Wash 2d 52, 59, 530 P 2d 291 (1975)  The court must

19  initially determine if reasonable minds could differ on whether the conduct was sufficiently

20  extreme to justify liability. *Phillips v. Hardwick*, 29 Wash App. 382, 387, 628 P.2d 506 (1981)

21  Liability "does not extend to mere insults, indignities, threats, annoyances, petty

22  oppressions, or other trivialities " *Grimsby*, *supra*, 85 Wash 2d 52, 59  *See also Hope v Larry's*

23  *Market*, 108 Wash.App.185, 29 P 3d 1268 (2001) (employee's continued exposure to harsh

24  chemical cleaners despite prior complaints held not outrageous); *Brown v. Columbia Basin*

25  *Community College*, 2001 WL 518329 (Wash App  2001) (instructor inviting student to "knife

26  her" and guaranteeing that student would not graduate held not outrageous), *Robel v Roundup*

27  *Corporation*, 103 Wash App  75, 10 P.3d 1104 (2000) (coworkers' alleged descriptions of

28  employee as "snitch," "squealer," "liar," and "idiot" held not outrageous), *Washington v. Boeing*

1  *Co.*, 105 Wash App  1, 53, 19 P 3d 1041 (2000) (race discrimination not sufficiently outrageous)

2  Count 8 merely incorporates by reference the preceding allegations of the Complaint and

3  alleges that the alleged conduct was "outrageous and intolerable " [Complaint, ¶ 96]  These

4  allegations include a false arrest, which is no longer legally actionable, statements made to an

5  arresting officer after an admitted physical altercation, an offer of employment to the Plaintiff's

6  employees that was never accepted and the cancellation of a contract that Vennell had assigned to

7  the Plaintiff  This is insufficient to support an action for intentional infliction of emotional

8  distress

9  **XI.  Conclusion**

10  In the first place, the Plaintiff is prosecuting a case against the wrong defendant.  He

11  signed a contract with Vennell's Washington corporation, but for some reason has filed suit

12  against two other entities instead  His complaint is premised on events that occurred on July 13

13  and 14 of 1999, events that occurred before this moving defendant had even been formed  His

14  complaint often refers to a single, unnamed, defendant, further evidencing his confusion  Simply

15  stated, it appears from the Agreement the Plaintiff has attached to his complaint that any claims he

16  might have should be stated against Vennell.

17  The Complaint includes no allegation explaining how Jani-King of Seattle, Inc  might be

18  liable for events taking place before its corporate formation  The Plaintiff and his counsel have an

19  obligation to conduct due diligence into the facts giving rise to claims before filing a pleading or

20  amended pleading  No viable cause of action has been stated against Jani-King of Seattle, Inc

21  \\\

22  \\\

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

1 | Accordingly, the Complaint against it should be dismissed and costs and attorneys' fees should be

2 | awarded to the moving party

3

4 | DATED  December 17, 2001            Respectfully submitted,

5                                       MARSH, MUNDORF, PRATT & SULLIVAN

6                                       MARY STEPHENS

7                                       _____
                                        Attorneys for Defendant
8                                       JANI-KING OF SEATTLE, INC
                                        WSBA No. 21679
9                                       CO-COUNSEL

10                                      JONATHAN SOLISH (Pro Hac Vice Pending)
                                        KEITH D  KLEIN (Pro Hac Vice Pending)
11                                      JENKENS & GILCHRIST, LLP
                                        12100 Wilshire Boulevard, 15th Floor
12                                      Los Angeles, California 90025-7120
                                        Telephone  (310) 820-8800
13                                      Facsimile.   (310) 820-8859

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE WESTERN DISTRICT OF WASHINGTON

10
11   AUSTIN L OKOCHA,                    )    CASE NO · C01-1688
                                         )
12              Plaintiff,               )
                                         )    [PROPOSED] ORDER GRANTING JANI-
13        v.                             )    KING OF SEATTLE, INC.'S MOTION
                                         )    TO DISMISS PURSUANT TO FEDERAL
14   JANI-KING, INC , and JANI-KING OF   )    RULE OF CIVIL PROCEDURE 12(b)(6)
     SEATTLE,                            )
15                                       )
                Defendants               )
16   _____)

17

18   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19        On January _____, 2002, there came on for hearing the motion of Defendant Jani-

20   King of Seattle, Inc , a Texas corporation, to dismiss the Complaint herein pursuant to Federal

21   Rules of Civil Procedure, Rule 12(b)(6) before the Honorable Thomas S. Zilly   Plaintiff was

22   represented by Austin Agomuoh   Jani-King of Seattle, Inc  was represented by Jonathan C.

23   Solish

24        The Court, having reviewed the pleadings submitted by the parties, and having heard oral

25   argument from counsel,

26        HEREBY ORDERS as follows

27        1      The motion is GRANTED with respect to all causes of action, and

28                                            1

2      Jani-King of Seattle, Inc is dismissed from the lawsuit

IT IS SO ORDERED

Dated this _____ day of January, 2002

The Honorable Thomas J Zilly
United States District Judge

Respectfully submitted

JONATHAN SOLISH (Pro Hac Vice Pending)
KEITH D KLEIN (Pro Hac Vice Pending)
JENKENS & GILCHRIST, LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-7120
Telephone   (310) 820-8800
Facsimile    (310) 820-8859

MARY STEPHENS
MARSH, MUNDORF, PRATT & SULLIVAN
16504 9th Avenue Southeast, Suite 203
Mill Creek, Washington 98012
Telephone      (425) 742-4545
Facsimile      (425) 745-6060

Attorneys for Defendant
JANI-KING, OF SEATTLE, INC

2